**IN THE MATTER OF THE REGISTRATION OF THE MATAI TITLE "ALALAMUA" OF THE VILLAGE OF TA'U, MANU'A, AMERICAN SAMOA**

No. 1307-1972

High Court of American Samoa

Civil Jurisdiction, Land and Titles Division

February 28, 1973

The above entitled matter came on for hearing before A. P.
LUTALI, *Associate Judge*, presiding; U. GALOIA,
*Associate Judge;* FE'A ENE IOANE, *Temporary Associate Judge;* upon stipulation of all parties.
Counsel for Lagoo U. L., Ivi Pele.
Counsel for Moetoto Alalamua, Mageo Atufili Meauta.
Counsel for Savini Siva, Mariota Tuiasosopo.
Counsel for Fagavaa Sea, Pita Sunia.

This action concerns the registration of the matai title
Alalamua originating from the village of Ta'u, Manu'a.
Claimant Lagoo filed his claim with the Office of the
Territorial Registrar on June 30, 1972. Moetoto Alalamua,
hereinafter called Saveaena, filed his claim on July 31,
1972. Fagavaa filed his claim on August 7, 1972. Savini
filed his claim on August 14, 1972.

Each of the claimants, with the exception of Lagoo, filed
a petition signed by 25 persons purported to be blood
members of the Alalamua family as required under Section
6.0104 of the Revised Code of American Samoa. Lagoo filed
a petition signed by only 20 persons claimed to be blood
members of the Alalamua family. However, he also filed an
affidavit showing that his family does not have a sufficient
number of blood members qualified to support his claim as
required under Section 6.0104 of the Revised Code of
American Samoa.

Section 6.0101 of the Revised Code of American Samoa sets out the basic qualifications which a person must have to be eligible to succeed to a matai title. The evidence clearly shows that each of the four claimants is eligible to be registered as the holder of a matai title.

Section 6.0107 of the Revised Code of American Samoa sets out the four issues which shall guide the Court in its determination which of the opposing claimants shall be registered as the holder of the Alalamua title. This Section reads as follows:

Sec. 6.0107—CONSIDERATION GIVEN BY COURT:

In the trial of matai title cases, the High Court shall be guided by the following considerations, in the priority listed:

1. The best hereditary right in which the male and female descendants shall be equal in families where this has been customary, otherwise the male descendant shall prevail over the female.

2. The wish of the majority or plurality of those clans of the family as customary in that family.

3. The forcefulness, character, personality, and knowledge of Samoan customs.

4. The value of the holder of the matai title to the family, the village, and the country. (Public Law 7–38, 1962.)

On the issue of hereditary right, each of the four claimants filed a pedigree and testified before the Court as to their respective right to the Alalamua title. Lagoo filed a pedigree showing that he is the blood-son of Alalamua Tauileva. He has one-half ($\frac{1}{2}$) Alalamua blood in his veins. Savini filed a pedigree showing that he is the blood-son of Simealeaga who was the blood-daughter of Pele'ese who was the blood-daughter of Lagisolia who was the blood-daughter of Alalamua Vaiotoga. He has one-sixteenth ($\frac{1}{16}$) Alalamua blood in his veins. Fagavaa Sea filed a pedigree showing that he is the son of Avaloa who was the blood-son of Mua who was the blood-son of Pele'ese who was the blood-daughter of Lagisolia who was the blood-daughter of Alalamua Vaialoa. He has one-thirty-second

($^1$/$_{32}$) Alalamua blood in his veins. Saveaena did not file a pedigree as ordered by the Court; nevertheless, he testified that he has one hundred percent (100%) hereditary right because he once held this title. Our examination shows that he did so hold it for five years, between March 2, 1945 and February 26, 1950; however, he was removed from the title by a holding of this Court after being petitioned to do so by certain members of his family. Counsel for Saveaena still argues that Saveaena has one hundred percent (100%) hereditary right citing *Ailua Maga v. Ativalu Tago*, Civil (1955). In that case the Court indeed said as Saveaena contends that "even though this may be the first time any candidate for a title has been found to hold 100% hereditary right, nevertheless, we believe Objector Ailua Maga is entitled to such a finding. . . . The fact that he was later removed by petition of the family cannot change the fact that he once held the title." This Court is of the unanimous opinion that the *Ailua Maga v. Ativalu Tago* holding is contrary to the basic idea and beliefs of the Samoan people with respect to hereditary right to matai titles. It is the considered opinion of this Court, the members of which are well familiar with the Samoan custom, that the title, not the person, is the most important thing in the matai system. A title holder who is removed by the Court or by the village council forfeits all his rights and privileges, conversely a title holder who voluntarily relinquishes a title to another member of the family by his own free will or by the wish of the family continues to enjoy some privileges and a certain amount of recognition in affairs of the family as a former holder. A title holder who is removed by action of the Court will no longer enjoy a 100% right thereto, but he will revert back to his original position of hereditary right existing prior to his ascension to the title. Whenever a person subsequently takes a title, he will immediately be considered to have 100% right upon

assumption of the title irrespective of his original percentage of hereditary right. In view of our ruling, *Ailua Maga v. Ativalu Tago*, supra, is hereby overruled.

It is our finding that Lagoo, being the blood-son of Alalamua Tauileva, and having one-half (½) Alalamua blood in his veins, prevails over Fagavaa, Savini, and Saveaena on the issue of hereditary right.

At this juncture, counsel for Fagavaa moved the Court to withdraw the claim filed by his client Fagavaa stating that his client no longer wishes to continue as a party. The motion was granted by the Court and Fagavaa ceases to be a party in this case.

With respect to the issue of the wish of the majority or plurality of the clans as customary in the family, it is the opinion of the Court that the testimony and the evidence failed to establish clearly which of the three claimants had the support of the majority or plurality of the clans, or which were the customary clans of the Alalamua family. Lagoo testified that there are only two clans in the family. These clans are Tauilima and Tauiafa and both are supporting him. Saveaena testified that are three clans namely Matua, Laufalasii, and Saveaena. All three clans are supporting him. Savini claims that Silia and Lagisolia are the only clans in the family. Only the Silia clan is supporting him. The Court finds, in view of the conflicting and controverted testimony and evidence, that the issue must be disregarded in the consideration of which claimant is supported by the majority or plurality of the clans.

On the issue of forcefulness, character, personality, and knowledge of Samoan custom, it is the unanimous opinion of this Court, after having heard the testimony, evidence, and arguments, and after having given specific observation to the behavior of each claimant on the witness stand, that Savini prevails over Lagoo and Saveaena on this issue.

97

Savini attended Papatea School and the Faife'au School in Ta'u. In 1925 he graduated from the Teachers Training School. He taught school from 1922 until 1928 and at the same time served as Assistant Administrator to the District Governor. In 1948 he was selected to be the Pulenuu of Ta'u village. He again worked as Secretary to the District Governor for many years until he retired in 1971. As a young man he was the leading member of the Aumaaga for Alalamua Silia. He is a Deacon in the Church and performed other functions for the Pastor and the village church. He was a member of the Flag Day Committee for ten years. In 1967 he was a prison warden. During all the years when the Alalamua title was vacant, he took the leadership of the family in all matters pertaining to funerals, church dedications, and many other functions in which the Alalamua family was obligated to participate under the Samoan custom. On many of these occasions he provided the Mavaega or the best fine mat on behalf of the family. He receives Social Security and Retirement checks. He also earns about $136 per month as foreman of the Ta'u Airport project. He gets a monthly allotment check from his son in the Army.

Lagoo attended the Ofu Elementary School and later Poyer Junior High School. From 1941 to 1956 he was employed by the Government of American Samoa, and from 1956 until the present time he has been working for Standard Oil of California. He operated a small store between 1968 and 1970. In 1965 he started a General Contractor business. Lagoo is a past president of the Parent Teachers Association and a Deacon in his Church. At one time he donated "sash windows" for the Ta'u Church. He claims to have participated in family affairs, as well as affairs of the village and country although he did not specifically state how he participated in village and country

matters. He earns about $4000 annually from Standard Oil of California. He resides at Fagaalu.

Saveaena attended Papatea School, Poyer School, Marist Brothers School, Leilehua High School, Church College of Hawaii, and Leeward College. At one time he was employed as a Court Clerk, taught in the schools both in Western Samoa and American Samoa, worked as extension agent for the Department of Agriculture, and as a teacher in the Veterans Administration Program. He operated a grocery store, a bakery, and he also engaged in farming. Also at one time he was a Clerk for the House of Representatives and later became a member of the House. Saveaena is a Deacon in the Methodist Church. He earns approximately $2860 as a teacher in the public schools. He also receives financial assistance from his son and a daughter in Hawaii. He has an income from his plantation.

On the issue of the value of the holder of the title to the family, village, and country, it is the unanimous opinion of this Court that Savini will be more valuable to the Alalamua family than Lagoo, who has not lived in the family almost all his life, nor participated consistently in affairs of the family.

Savini will also be more valuable to the Alalamua family than Saveaena, who had held the title until 1950 when he was removed as a result of litigation arising out of a petition for removal by the majority of the family members. Saveaena lived in the United States for several years after his removal and only recently return [sic] to Manu'a. This Court has said many times that a claimant who lives in the family is more familiar with members and their problems than the claimant who lives away from the family and the village (see High Court Case No. 5, Civil (1939), and High Court Case No. 16, Civil (1938)). In the High Court Case No. 24, Civil (1936), the Court said "that a claimant who lives away from the family and village cannot

look after the affairs of the family as well as if he lived with the family and this is an important consideration in determining which claimant has the greatest capacity for leadership." In this case, it is our contention that Savini, having lived in the village and participated closely with members of the Alalamua family for years would have a greater potential to be more a successful matai than the other claimants. We are unanimous in our finding that Savini prevails over Lagoo and Saveaena on this issue.

█ It was argued by counsels for Saveaena and Lagoo that Savini is 65 years old. He has passed the government retirement age. He would not be able to provide the leadership the family must have at these important times. The question the Court must decide is whether to award the title to a claimant who is young in age, but has not lived in the family nor consistently participated in affairs of the family, or to a claimant older in age but has taken the leading part in affairs of the family for many years during the absence of the holder of the family title. It is our considered opinion that the family will benefit more from the leadership of an older person who understands the members and their needs and problems through years of close relationship and cooperation than a younger person who has has not lived with the family nor has he indicated a real desire to live with the family.

Since we find that Lagoo prevails over Savini and Saveaena on the first issue, and that Savini prevails over Lagoo and Saveaena on the third and fourth issues, the second issue having been discounted from being considered, it follows that Savini should be registered as the holder of the Alalamua title. (See Appellate Division Case No. 104, Civil (1964).)

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that SAVINI be registered as the holder of the matai title ALALAMUA attached to the

village of Ta'u. But before he be registered as the holder of the Alalamua title, he must resign from any other matai title he now holds within 30 days after this decision has become final.

The Territorial Registrar will be notified of the decision.

Court costs in the amount of $50 is hereby assessed to be paid in equal amount by Saveaena and Lagoo within 30 days after this decision becomes final.